JOHN H. FELDMANN III (State Bar No. 61096)
LAW OFFICES OF JOHN H. FELDMANN III
211 Forbes Ave.
P.O. BOX 150329
SAN RAFAEL, CA 94915
Telephone: (415) 453-8249
Facsimile: (415) 453-5872

Attorney for Defendant
TOWNSEND CAPITAL PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and, a California public benefit corporation<br><br>Plaintiffs,<br><br>vs.<br><br>RED'S RECOVERY ROOM, INC., a California corporation and TOWNSEND CAPITAL PARTNERS, LLC,<br>            Defendants. | Case No. C07-4395 JCS<br><br>**TOWNSEND CAPITAL PARTNERS', LLC ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

        Defendant TOWNSEND CAPITAL PARTNERS, LLC ("TCP") answers the First Amended Complaint:

        1.     Answering paragraph 1, TCP is without sufficient information or knowledge to form a belief as to the allegations that Plaintiffs CRAIG YATES ("Yates") and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") are persons with physical disabilities and on that basis denies those allegation. TCP specifically denies that it violated any disability access law and that plaintiffs were damaged in the manner alleged or in any manner as a result of TCP'S conduct. The remaining allegations in paragraph 1 set forth conclusions of law to which no response is required.

        2.     Answering paragraph 2, TCP is without sufficient information or knowledge to form a belief as to the allegations that Yates is a person with physical disabilities who, on or about December 22, 2006, January 26, 2007, March 29, 2007, June 23, 2007 and July 22, 2007,

was an invitee, guest, patron, customer at defendant's RED'S RECOVERY ROOM, in the City of Cotati, California and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 2 and specifically denies that it violated any disability access law and that Yates was damaged in the manner alleged or in any manner as a result of TCP'S conduct.

**ALLEGATIONS REGARDING JURISDICTION AND VENUE**

3.  The allegations in paragraph 3 set forth conclusions of law to which no response is required.

4.  Answering paragraph 4, TCP admits that RED'S RECOVERY ROOM is located at 8175 Gravenstein Hwy, Cotati, California. The remaining allegations in paragraph 4 set forth conclusions of law to which no response is required.

**ALLEGATIONS REGARDING PARTIES**

5.  Answering paragraph 5, TCP is without sufficient information or knowledge to form a belief as to the allegations that Yates is handicapped, disabled, a paraplegic, or that he requires the use of a wheelchair to travel about in public and on that basis denies those allegations. The remaining allegations in paragraph 5 set forth conclusions of law to which no response is required.

6.  Answering paragraph 6, TCP is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

7.  Answering paragraph 7, TCP is without sufficient information or knowledge to form a belief as to the allegations that members of DREES and Yates will or have been guests and invitees at RED'S RECOVERY ROOM and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 7 and specifically denies that it violated any disability access law and that DRESS is entitled to any relief either statutory in nature or otherwise as a result of TCP'S conduct.

8.  Answering paragraph 8, TCP admits that it is the lessor of a bar located at 8145 Gravenstein Hyw, Cotati, California. The remaining allegations in paragraph 8 set forth conclusions of law to which no response is required.

9.  Answering paragraph 9, TCP admits that RED'S RECOVERY ROOM is a bar that is open to the general public. The remaining allegations in paragraph 9 set forth conclusions of law to which no response is required.

1   10.   Answering paragraph 10, TCP specifically denies that it violated any disability access law. The remaining allegations in paragraph 10 set forth conclusions of law to which no response is required.

**PRELIMINARY FACTUAL ALLEGATIONS**

11.   Answering paragraph 11, TCP admits that RED'S RECOVERY ROOM is a bar located at 8175 Gravenstein Hwy, Cotati, California. The remaining allegations in paragraph 11 set forth conclusions of law to which no response is required.

12.   Answering paragraph 12, TCP is without sufficient information or knowledge to form a belief as to the allegation in that paragraph and on that basis denies it.

13.   Answering paragraph 13, TCP denies that it advertised, publicized and held out the RED'S RECOVERY ROOM as being handicapped accessible and handicapped usable, and specifically denies that it violated any disability access law.

14.   Answering paragraph 14, TCP is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

15.   Answering paragraph 15, TCP is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

16.   Answering paragraph 16, TCP specifically denies that it violated any disability access law.

17.   Answering paragraph 17, TCP is without sufficient information or knowledge to form a belief as to the allegation that on or about December 22, 2006, Yates saw that there was a set of steps at the entrance of RED'S RECOVERY ROOM and on that basis denies it. TCP denies the remaining allegations in paragraph 17 and specifically denies that it violated any disability access law.

18.   Answering paragraph 18, TCP is without sufficient information or knowledge to form a belief as to the allegation that on or about December 22, 2006, Yates saw that there was a side exit to RED'S RECOVERY ROOM and on that basis denies it. TCP denies the remaining allegations in paragraph 18 and specifically denies that it violated any disability access law.

19.   Answering paragraph 19, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about December 22, 2006, Ben Kinney went into the bar or used the restroom and on that basis denies those allegations. TCP denies the remaining

TCP'S ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                    Case No. C07-4395 JCS                    3

1 allegations in paragraph 19 and specifically denies that it violated any disability access law.

2  20.   Answering paragraph 20, TCP is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

 21.   Answering paragraph 21, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about January 21, 2007, Yates wrote the landlord and tenant and did not receive a response and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 21 and specifically denies that it violated any disability access law.

 22.   Answering paragraph 22, TCP is without sufficient information or knowledge to form a belief as to the allegation that on or about January 26, 2007, Yates returned to RED'S RECOVERY ROOM and on that basis denies it. TCP denies the remaining allegations in paragraph 22 and specifically denies that it violated any disability access law.

 23.   Answering paragraph 23, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about March 10, 2007, Yates did a follow up letter to the landlord and tenant and did not receive a response and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 23 and specifically denies that it violated any disability access law.

 24.   Answering paragraph 24, TCP is without sufficient information or knowledge to form a belief as to the allegation that on or about March 29, 2007, Yates returned to RED'S RECOVERY ROOM and on that basis denies it. TCP denies the remaining allegations in paragraph 24 and specifically denies that it violated any disability access law.

 25.   Answering paragraph 25, TCP is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

 26.   Answering paragraph 26, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about June 17, 2007, Yates wrote a third letter to the landlord and tenant, what the letter stated and whether or not he received a response and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 26 and specifically denies that it violated any disability access law.

 27.   Answering paragraph 27, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about June 237, 2007, Yates returned to RED'S

1  RECOVERY ROOM and then proceeded down Gravenstein Highway to D & D's Deli & Liquor to purchase a soft drink and on that basis denies them. TCP denies the remaining allegations in paragraph 27 and specifically denies that it violated any disability access law.

28.  Answering paragraph 28, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about July 22, 2007, Yates was curious as to whether his June 17, 2007 letter had any affect on the landlord and tenant, and so returned to Red's only to be disappointed and on that basis denies them.  TCP denies the remaining allegations in paragraph 28 and specifically denies that it violated any disability access law.

29.  Answering paragraph 29, TCP specifically denies that it violated any disability access law. The remaining allegations in paragraph 29 set forth conclusions of law to which no response is required.

30.  The allegations in paragraph 30 set forth conclusions of law to which no response is required.

31.  Answering paragraph 31, TCP is without sufficient information or knowledge to form a belief as to the allegations that on or about January 21, March 10 and June 17, 2007, Yates sent letters to the landlord and tenant, what the letters stated and whether or not he received a response and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 31 that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law.

32.  Answering paragraph 32, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that Yates was damaged in the manner alleged or in any manner as a result of TCP'S conduct.

33.  Answering paragraph 33, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs were damaged in the manner alleged or in any manner as a result of TCP'S conduct.

34.  Answering paragraph 34, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that Yates was damaged in the manner alleged or in any manner as a

1  result of TCP'S conduct.

2      35.    Answering paragraph 35, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that Yates was damaged in the manner alleged or in any manner as a result of TCP'S conduct.

    36.    Answering paragraph 36, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law.

    37.    Answering paragraph 37, TCP denies that any construction alterations triggered any obligations under State or Federal law that were not satisfied.

    38.    Answering paragraph 38, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any relief or damages, either injunctive relief, statutory damages or other damages as a result of TCP'S conduct.

    39.    Answering paragraph 39, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law.

    40.    Answering paragraph 40, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any injunctive relief as a result of TCP'S conduct.

    41.    Answering paragraph 41, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any damages as a result of TCP'S conduct.

    42.    Answering paragraph 42, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law or the civil rights of plaintiffs and that plaintiffs have been damaged or denied equal access to the bar as a result of TCP'S conduct.

    43.    Answering paragraph 43, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any

1  disability access law or the civil rights of plaintiffs and that plaintiffs are entitled to any damages
2  as a result of TCP'S conduct.

3  44. Answering paragraph 44, TCP is without sufficient information or knowledge to
4  form a belief as to the allegations that Yates and DREES would, could and will return to
5  Red's and on that basis denies them. TCP denies the remaining allegations in paragraph 44 and
   specifically denies that it violated any disability access law.

**FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

9  45. Answering paragraph 45, TCP incorporates its responses to paragraphs 1 through
10  44 into this response.

11  46. The allegations in paragraph 46 set forth conclusions of law to which no response
12  is required.

13  47. The allegations in paragraph 47 set forth conclusions of law to which no response
   is required.

14  48. The allegations in paragraph 48 set forth conclusions of law to which no response
15  is required.

16  49. The allegations in paragraph 49 set forth conclusions of law to which no response
17  is required.

18  50. Answering paragraph 50, TCP denies the allegations that do not set forth
19  conclusions of law to which no response is required and specifically denies that it violated any
   disability access law and that plaintiffs are entitled to any damages as a result of TCP'S conduct.

20  51. Answering paragraph 51, TCP denies the allegations that do not set forth
21  conclusions of law to which no response is required and specifically denies that it violated any
22  disability access law.

23  52. Answering paragraph 52, TCP denies the allegations that do not set forth
24  conclusions of law to which no response is required and specifically denies that it violated any
25  disability access law.

26  53. Answering paragraph 53, TCP denies the allegations that do not set forth
   conclusions of law to which no response is required and specifically denies that any construction

1  alterations triggered any obligations under State or Federal law that were not satisfied.

2      54. Answering paragraph 54, TCP denies the allegations that do not set forth

3  conclusions of law to which no response is required and specifically denies that it violated any

4  disability access law or the civil rights of plaintiffs and that plaintiffs are entitled to any remedies

5  or have been denied equal access to the bar as a result of TCP'S conduct.

    55. Answering paragraph 55, TCP is without sufficient information or knowledge to

6  form a belief as to the allegation that Yates has not returned to Red's since on or about July 22,

7  2007 and on that basis denies it. TCP denies the remaining allegations in paragraph 55 that do

8  not set forth conclusions of law to which no response is required and specifically denies that it

9  violated any disability access law and that plaintiffs are entitled to injunctive relief as a result of

10  TCP'S conduct.

    56. Paragraph 56 sets forth a prayer for relief and conclusions of law to which no
11
response is required.
12
**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN**
13
**VIOLATION OF CALIFORNIA CIVIL CODE SEC. 54, 54.1 AND 54.3, ET SEQ.**

14      57. Answering paragraph 57, TCP incorporates its responses to paragraphs 1 through

15  56 into this response.

16      58. The allegations in paragraph 58 set forth conclusions of law to which no response

17  is required.

    59. The allegations in paragraph 59 set forth conclusions of law to which no response
18
is required.
19
    60. The allegations in paragraph 60 set forth conclusions of law to which no response
20  is required.

21      61. Answering paragraph 61, TCP is without sufficient information or knowledge to

22  form a belief as to the allegations that Yates and the membership of DREES are persons with

23  physical disabilities and on that basis denies those allegations. TCP denies the remaining

24  allegations in paragraph 61 that do not set forth conclusions of law to which no response is

25  required and specifically denies that it violated any disability access law and that plaintiffs are

entitled to any damages or have been denied equal access to the bar as a result of TCP'S conduct.
26
    62. Answering paragraph 62, TCP is without sufficient information or knowledge to
27

28

TCP'S ANSWER TO FIRST      Case No. C07-4395 JCS      8
AMENDED COMPLAINT FOR
INJUNCTIVE RELIEF AND
DAMAGES

form a belief as to the allegation that Yates is a person with physical disabilities and on that basis denies that allegation. TCP denies the remaining allegations in paragraph 62 that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that Yates is entitled to any damages as a result of TCP'S conduct.

63. Answering paragraph 63, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law or the civil rights of plaintiffs and that Yates is entitled to any damages or plaintiffs are entitled to any remedies or have been denied equal access to the bar as a result of TCP'S conduct.

64. Answering paragraph 64, TCP is without sufficient information or knowledge to form a belief as to the allegations that plaintiffs are persons or an entity that represents persons with physical disabilities and on that basis denies those allegations. TCP denies the remaining allegations in paragraph 62 that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any damages either statutory in nature or otherwise as a result of TCP'S conduct.

65. Answering paragraph 65, TCP denies the allegations that do not set forth either a prayer for relief or conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any remedies or have been denied equal access to the bar as a result of TCP'S conduct.

**THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE SEC. 19955, ET SEQ.**

66. Answering paragraph 66, TCP incorporates its responses to paragraphs 1 through 65 into this response.

67. The allegations in paragraph 67 set forth conclusions of law to which no response is required.

68. Answering paragraph 68, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that any construction alterations triggered any obligations under State or Federal law that were not satisfied.

69. Answering paragraph 69, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that any construction

alterations triggered any obligations under State or Federal law that were not satisfied.

70. The allegations in paragraph 70 set forth conclusions of law to which no response is required.

71. Answering paragraph 71, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law or the civil rights of plaintiffs and that plaintiffs are entitled to any damages or have been denied equal access to the bar as a result of TCP'S conduct.

72. Answering paragraph 72, TCP denies the allegations that do not set forth either a prayer for relief or conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs are entitled to any remedies or have been denied equal access to the bar as a result of TCP'S conduct.

73. Paragraph 73 sets forth a prayer for relief and conclusions of law to which no response is required.

## FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE SEC. 51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)

74. Answering paragraph 74, TCP incorporates its responses to paragraphs 1 through 73 into this response.

75. Answering paragraph 75, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that plaintiffs have been denied equal access to the bar as a result of TCP'S conduct.

76. Answering paragraph 76, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any discrimination or disability access law and that plaintiffs are entitled to any remedies or have been denied equal access to the bar as a result of TCP'S conduct.

77. Answering paragraph 77, TCP incorporates its responses to paragraphs 45 through 56 into this response and denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law and that

plaintiffs are entitled to any remedies or have been denied equal access to the bar as a result of TCP'S conduct.

78.   Answering paragraph 78, TCP denies the allegations that do not set forth conclusions of law to which no response is required and specifically denies that it violated any disability access law or the civil rights of Yates and that plaintiffs are entitled to any damages either statutory in nature or otherwise or have been denied equal access to the bar as a result of TCP'S conduct.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the First Amended Complaint, TCP alleges the following separate affirmative and other general defenses:

1.   The First Amended Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiffs did not sustain any injuries as a proximate result of any of the acts alleged in the First Amended Complaint.

1.   Plaintiffs' claims are barred by the relevant statutes of limitations.

2.   Plaintiffs failed to exhaust appropriate administrative remedies.

5.   Plaintiffs failed to exercise ordinary care, caution or prudence to avoid their alleged injuries and the resulting damages to Plaintiffs, if any, were proximately caused by their conduct.

6.   Plaintiffs assumed the risk of the alleged acts and, therefore, have waived and are estopped from asserting their claims.

7.   Plaintiffs unreasonably delayed asserting their claims, which is prejudicial to the defense of this action and, therefore, their recovery is either barred or diminished under the doctrine of estoppel.

8.   Plaintiffs failed to take reasonable steps to mitigate their alleged injuries.

9.   Plaintiffs' claims are moot.

10.   Plaintiffs' claims are barred by the doctrine of unclean hands.

11.   Plaintiffs' claims are barred by the doctrine of laches.

12.   Plaintiffs consented to the conduct that they allege in the First Amended Complaint.

13. The conduct alleged in the First Amended Compliant, to the extent it occurred, was privileged and justified and done in good faith and no action may be taken against TCP on account of its conduct.

14. Persons or entities other than TCP caused any damage sustained by plaintiffs.

15. TCP did not ratify or approve any wrongful conduct.

16. Plaintiffs' state claims are preempted by federal law.

17. Plaintiffs lack standing to assert the claims in the First Amended Complaint.

18. The bar is in compliance with all statutory obligations to persons with disabilities.

19. Plaintiffs' claims for injunctive relief are barred by state law.

20. Plaintiffs failed to provide notice to TCP of any of the alleged violations of law contained in their First Amended Complaint before filing this action.

21. The alterations to access, to the extent that they are required, are not readily achievable without fundamentally altering the nature of the goods, services and facilities being provided.

22. TCP is not required to: (1) make the bar more accessible to and usable to persons with disabilities; (2) take action that would result in undue financial or administrative burdens; or (3) make structural changes to the existing facility, where other methods have been effective in achieving compliance with the law.

23. TCP is informed and believes that plaintiffs' claims are barred because it and the lessees of the bar have performed or are in the process of performing all readily achievable architectural barrier removal required by law.

24. TCP is informed and believes that the plaintiffs' claims are barred because it and the lessees have remedied or are in the process of remedying an access barrier with alternative methods of access.

25. TCP is informed and believes that no less discriminatory alternatives were available.

26. TCP is informed and believes that it was required to act out of business necessity, in that there was no acceptable alternative to accomplish the same business goal with less discriminatory impact.

27. TCP had non-discriminatory reasons for the actions alleged in the First Amended

1  Complaint.

2      28.    TCP is not responsible under the law and its lease for any access violations.

3             TCP reserves the right to allege other affirmative general defenses, as they may

4  become known in the course of discovery.

5             TCP prays:

6      1.    That plaintiffs take nothing by the First Amended Complaint;

7      2.    That the First Amended Complaint be dismissed with prejudice and that judgment be entered in TCP'S favor;

8      3.    That TCP recover its cost, including reasonable attorney's fees; and

9      4.    That the Court grant other relief as it may deem appropriate.

10  **DEMAND FOR JURY TRIAL**

11  TCP demands a trial by jury.

12  DATED:  December 26, 2007

13  LAW OFFICES OF JOHN H. FELDMANN III

14

15  By:    /signed/
       John H. Feldmann III

16  Attorney for Defendant
TOWNSEND CAPITAL PARTNERS, LLC

17

18

19

20

21

22

23

24

25

26

27

28

1 Complaint.

2  28. TCP is not responsible under the law and its lease for any access violations.

3  TCP reserves the right to allege other affirmative general defenses, as they may become known in the course of discovery.

TCP prays:

1. That plaintiffs take nothing by the First Amended Complaint;
2. That the First Amended Complaint be dismissed with prejudice and that judgment be entered in TCP'S favor;
3. That TCP recover its cost, including reasonable attorney's fees; and
4. That the Court grant other relief as it may deem appropriate.

**DEMAND FOR JURY TRIAL**

TCP demands a trial by jury.

DATED: December 26, 2007

LAW OFFICES OF JOHN H. FELDMANN III

By: _/s/ John H. Feldmann III_
John H. Feldmann III

Attorney for Defendant
TOWNSEND CAPITAL PARTNERS, LLC

TCP'S ANSWER TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Case No. C07-4395 JCS

13

1 <u>CERTIFICATE OF SERVICE</u>

2      I declare that I am over the age of 18 and am not a party to this action. I am employed in the County of Marin, California. My business address is: Law Offices of John H. Feldmann, III;

3 P.O. Box 150329; San Rafael, CA 94915.

4      On the date below, I served YATES and DREES and RED'S RECOVERY ROOM, INC. a copy of TOWNSEND CAPITAL PARTNERS', LLC ANSWER TO FIRST AMENDED

5 COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES. The answer was served by electronic mail and mail on:

6

Thomas E. Frankovich                     Linda Skomro

7 tfrankovich@disabilitieslaw.com        Red's Recovery Room, Inc.
                                          8175 Gravenstein Hwy
8                                         Cotati, CA 94931-4126

9

10     I e-mail the answer to Frankovich, and placed the answer in the mail with prepaid postage on it and addressed to Skomro.

11

12

     I declare under penalty of perjury under the laws of the State of California that the
13 foregoing is true and correct. This declaration is executed in San Rafael, California, on December 26, 2007.

14

15                                        _____
                                          John H. Feldmann III

16

17

18

19

20

21

22

23

24

25

26

27

28